UNITED STATES *v.* GOLDEN Co. (No. 2000).[1]

1. CONSTRUCTION—DOUBT FAVORS IMPORTER.
   The benefit of the doubt should be given to the importer in cases of doubtful interpretation.
2. CONSTRUCTION, ARTICLE 333, CUSTOMS REGULATIONS OF 1915—AMERICAN GOODS RETURNED.
   Paragraph 404, tariff act of 1913, entitles certain goods of domestic origin to free entry provided proof of the identity of such goods shall be made under regulations to be prescribed by the Secretary of the Treasury. Article 333, Customs Regulations of 1915, sets out such regulations. Merchandise was exported from Malone, N. Y., and subsequently imported and entered at Malone for immediate transportation without appraisement to New York City, where it was entered for consumption and bond given for production of evidence of outward shipment. The certificate of exportation by the collector at Malone was not furnished by the importer to the collector at New York. In view of the provision of article 333 that such certificate "will be issued on application of the importer or collector," and of the fact that the papers in the case set forth the facts necessary for such inquiry, it was the duty of the collector at the port of New York to satisfy himself by application to the collector at Malone as to whether or not the goods had been exported.

United States Court of Customs Appeals, November 25, 1919.

APPEAL from Board of United States General Appraisers, Abstract 43300.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument Oct. 15, 1919, by Mr Hanson and Mr. Tompkins.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:
Paragraph 404 of the tariff act of 1913 declares among other things that certain goods of domestic origin are entitled to free entry, pro-

---

[1] T. D. 38201 (37 Treas. Dec., 222).

vided proof of the identity of such articles shall be made under regulations to be prescribed by the Secretary of the Treasury, with a further proviso that the paragraph—

Shall not apply to any article upon which an allowance of drawback has been made, the reimportation of which is hereby prohibited except upon payment of duties equal to the drawbacks allowed.

Pursuant to the provisions of the paragraph the Treasury Department has promulgated among other things the following regulation under the title, "Domestic products exported and returned:"

ART. 333. *Requirements on entry.*—The following documents shall be filed on entry or bonds given for the production thereof:

\*        \*        \*        \*        \*        \*        \*

(c) A certificate (customs Form 4467) of the collector of customs at the port from which the merchandise was exported from the United States, which will be issued on application of the importer or collector, and be mailed direct to the port at which it is to be used, and its issuance noted on the export manifest. If exported from a port at which the entry is made, exportation must appear upon the records of the customhouse.

Respecting the merchandise here the collector, in referring the case to the Board of General Appraisers for decision, states:

The regulation evidence of domestic origin necessary for duty exemption under paragraph 404, act of 1913, was supplied except for the record of outward shipment without payment of drawback. Bond was given for the C. O. M. record required by article 333, C. R. of 1915, and the period named for satisfying the bond's conditions has passed.

No testimony was heard by the Board of General Appraisers, but the case was submitted on the record. The protest claiming the merchandise was duty free under paragraph 404 was sustained by the board.

The material part of the board's decision is as follows:

An examination of the record before us discloses that the merchandise left the United States at the port of Malone, N. Y., and was returned to the United States at that port. Following the decision of the Court of Customs Appeals in the United States *v.* Saunders (8 Ct. Cust. Appls., 82; T. D. 37200), we hold that the certificate of exportation in this case was unnecessary. The protestants having complied with the regulations, the protest is sustained, and the collector directed to reliquidate the entry admitting the merchandise free of duty under paragraph 404 of the tariff act of 1913.

In the Saunders case the application of paragraph 404 was under consideration. The applicable Treasury regulation there under review, however, differed slightly from the one above quoted and was as follows:

ART. 572. *Evidence of exportation.*—If the merchandise be returned to the port of original exportation, outward shipment must appear from the records of the customhouse at that port except in the case of exports to Canada by ferryboat, and if to a port other than that of original exportation there shall be required a certificate from the collector and naval officer, if any, of the port where the exportation was made, showing the fact of exportation from that port. This certificate shall be issued on form catalogue No. 773, on application of the importer and be mailed direct by the collector at the port of exportation to the collector at the port where it is to be used and its issue noted on the export manifest. (See art. 631.)

Considering the last-quoted regulation we held that inasmuch as it was shown by affidavits presented to the collector that the goods were in fact exported from the same port at which they were reimported, it was unnecessary to provide and offer to the collector the certificate of export, the opinion written by Montgomery, Presiding Judge, saying that—

With these facts before the collector, it would seem not to have been necessary to offer in evidence before him the records of his own office.

In the case at bar the reimported merchandise was entered at the port of Malone for immediate transportation without appraisement to New York City, where it was entered for consumption and bond given for the production of evidence of outward shipment, i. e., the certificate required by article 333 above quoted. The consular invoice accompanying the entry at the port of Malone and at New York states that the merchandise in question was "exported from the United States from the port of Malone, N. Y., on or about 4th of April, 1916." The affidavit on entry at New York states that "no drawback, bounty, or allowance has been paid or admitted" on the importation.

The Government concedes that if the entry at Malone had been for consumption, the rule of the Saunders case would be applicable, but contends that, in view of the fact that the consumption entry was made at New York, it is not controlling, and that it was incumbent upon the importer to produce to the collector at New York the certificate of exportation as required by the regulations, and that is the only issue.

It is obvious that the determination of this question depends upon the interpretation to be given to the quoted customs regulations. The Government argues that the records of the collector at New York did not show anything with reference to the exportation, that the only place where this information could be obtained was Malone, and that under the statute and regulations the duty rested upon the importer to procure and file the certificate with the collector at New York, failing which, that official had no course left open other than to assess the merchandise for duty.

We incline on the whole to sustain the judgment of the board. The applicable regulation provides that the certificate of exportation, and that is the only thing lacking, shall be furnished by the collector at the port of original export upon the application of *either* the importer or the collector. The papers in the case clearly informed the collector at New York that the goods were exported through the port of Malone, that no allowance of drawback had been made, and it would seem a reasonable interpretation of the regulation to hold that it contemplates under such circumstances as appear in this case that the collector at the port where the consumption entry is made shall satisfy himself, by application to the collector at

the claimed port of entry, whether or not the goods were in fact exported as claimed by the importer and set forth in the papers in the case. The statement in the consular certificate that the goods were exported at Malone on or about April 4, 1916, would seem to sufficiently inform the collector at New York so that he could make an intelligent and intelligible application to the collector at Malone for the certificate of original export. It is true that the importer might have applied for and caused this certificate to be furnished, but in view of the terms of the regulations we are unwilling to hold that his failure so to do justifies the assessment of duty, although it probably would have been justified had the collector at New York made the application above indicated and the collector at Malone reported his records did not show the claimed exportation.

One circumstance that leads us to this conclusion is that while the regulation before us in the Saunders case provided for the issuance of the certificate of export only upon the application of the importer, the one now in force provides that it shall be issued upon the application of the importer *or* collector. We think this indicates that it was thought there was a class of cases where the collector at some other port should make the application to the collector of the port of export. That may well be applied to a case such as this, where importation was made at the port of original export, where all the proof was in fact supplied except the certificate, and where the whole proceedings of the customs officers as shown by the papers were evidently upon the theory that the goods were of domestic origin originally exported from Malone and entitled to free entry. It was easy for the New York collector to satisfy himself if he desired on this question under the provisions of article 333.

The rule that the benefit of the doubt may be given to the importer in cases of doubtful interpretation may also be given application here.

The judgment of the Board of General Appraisers is *affirmed*.